# 1: CV 01 - 0082

*Copy*

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Middle of Pennsylvania | |
|---|---|---|
| Name DENNIS BASS - PROSE | Prisoner No. DW-6560 | Case No. 131 of 1998 |
| Place of Confinement State Correctional Institution - Rockview Box A, Bellefonte, PA 16823 | | FILED SCRANTON |

JAN 2 3 2001

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| DENNIS BASS | v. Court of Common Pleas of Luzerne County DEPUTY CLERK |

The Attorney General of the State of: Pennsylvania

## PETITION

1. Name and location of court which entered the judgment of conviction under attack <u>Luzerne County Court of Common Pleas, 200 North River Street, Wilkes Barre, Pennsylvania 18711</u>

2. Date of judgment of conviction <u>December 1, 1998</u>

3. Length of sentence <u>2 to 4 years incarceration in a State Correctional Institution</u>

4. Nature of offense involved (all counts) <u>Burglary, Resisting Arrest, Theft, Criminal Mischief, and Pennsylvania Dog Law.</u>

5. What was your plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☑
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☑

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☑ (See Attached; as Exhibit B and C 4 of 4)

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court _____

(b) Result _____

(c) Date of result and citation, if known _____

(d) Grounds raised _____

_____

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court _____

(2) Result _____

_____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

_____

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court _____

(2) Result _____

_____

(3) Date of result and citation, if known _____

(4) Grounds raised _____

_____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☐ No ☑

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court  Luzerne County Court of Common Pleas

(2) Nature of proceeding  Post Conviction (Collateral) Relief Act,
Filed April 6, 1999.

(3) Grounds raised  Ineffective Counsel, Abuse of Discretion.  The trial
Judge charges and instructs Jury to find Defendant guilty on

AO 241 (Rev. 5/85)

non-evidentary hearsay of Defense Attorney after the Prosecution's three witnesses' testimony was favorable to Defendent.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☑

(5) Result  Judge Orders reproduction of Trial Transcripts

(6) Date of result  April 20, 1999 (Attached as Exhibit D)

(b) As to any second petition, application or motion give the same information:

(1) Name of court  Supreme Court of Pennsylvania, Middle District

(2) Nature of proceeding  Writ of Mandamus and/or Extraordinary Relief
Filed #0116 MD MISC, DK.  2000

(3) Grounds raised  Unconstitutional Violations of the lower court's inaction of filed PCRA, and requesting the State's Highest Court to compel the lower court to answer petitioner's first PCRA and requested transcripts.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☑

(5) Result  Writ of Mandamus - Denied (Attached)

(6) Date of result  September 21, 2000

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.  Yes ☐  No ☑
(2) Second petition, etc.  Yes ☐  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Defendant's Appeal Claims are Hearsay.  Until the trial transcripts are produced, further denying Defendant accurate/proper access to the courts.

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b)  Conviction obtained by use of coerced confession.
(c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)  Conviction obtained by a violation of the privilege against self-incrimination.
(f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g)  Conviction obtained by a violation of the protection against double jeopardy.
(h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i)  Denial of effective assistance of counsel.
(j)  Denial of right of appeal.

A.  Ground one: **(E)** Conviction obtained by a violation of the privilege against self-incrimination.

Supporting FACTS (state *briefly* without citing cases or law) Upon the onset and beginning of trial; Prosecution describes defendant as the original burglar in the discovered elements described to the jury. Defense Attorney (P.D.) uses the strategy; Defendant received stolen property from another. Judge instructs the jury; to assist another in a crime can be found guilty of that crime.

B.  Ground two: **(F)** Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

Supporting FACTS (state *briefly* without citing cases or law): Prosecution did not describe the Elements of the Crime that included a Co-Defendant to the jury. No information was produced to the Defendant concerning a Co-Defendant for the Defense. Prosecution's three witnesses never describe me as the original Burglar, nor is a Co-Defendant witnessed.

AO 241 (Rev. 5/85)

C. Ground three: (G) Conviction obtained by a violation of the protection against double jeopardy.

Supporting FACTS (state *briefly* without citing cases or law): The 25 minute trial of December 1, 1998, began with Defendant being the original Burglar, and trial ended with Defendant assisting an unknown and unproven Co-Defendant. Two different sets of the Elements of the Crime were used to convict Defendant of one Charge.

D. Ground four (I&J) Denial of effective assistance of counsel and denial of right of appeal.

Supporting FACTS (state *briefly* without citing cases or law): Not withstanding the Defense Attorney/Public Defender not objecting to the above described miscarriages of justice, Defendant receives letter/notice from Public Defender 45 days(+/-) from sentencing date asking if Defendant wished to appeal? Then the Public Defender removes himself as Defendant's Defense Attorney.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
   Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
   (a) At preliminary hearing Public Defender - Mr. Ross, Esq., Luzerne County Court, 200 North River Street, Wilkes Barre, Pennsylvania 18711

   (b) At arraignment and plea Same as above.

AO 241 (Rev. 5/85)

(c) At trial ___Same as above.___

(d) At sentencing ___Same as above.___

(e) On appeal ___N/A___

(f) In any post-conviction proceeding ___Mr. S. Falcone Jr., esq., 490 North Main Street,___
___Suite 202, Pittston, Pennsylvania  18640___

(g) On appeal from any adverse ruling in a post-conviction proceeding ___Mr. B. Corcoran, esq.,___
___400 Third Avenue, Kingston, Pennsylvania  18704___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐  No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☑
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____Pro-Se_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_January 16, 2001_
(date)

_____
Signature of Petitioner

# OFFICE OF THE PUBLIC DEFENDER

Chief Public Defender
BASIL G. RUSSIN, Esq.

LUZERNE COUNTY COURT HOUSE
200 North River Street
WILKES-BARRE, PENNSYLVANIA 18711-1001

*Administrative Assistant*
*Chief Investigator*
WILLIAM R. FELDMAN

717-825-1754
FAX 717-825-1846
TDD 717-825-1860



February 26, 1999

Mr. Dennis Bass
**C/O Luzerne County Correctional Facility**

Dear Dennis,

　　Do you want to appeal your sentence?  Please give a yes or no in writing.  Do you wish to appeal your conviction?  Please give me a yes or no in writing.

　　Thank You.

Sincerely,

*Charles G. Ross Jr.*

CHARLES G. ROSS JR., ESQ.
Assistant Public Defender

CGR\dms

( Exhibit B )

COMMONWEALTH OF PENNSYLVANIA    :    IN THE COURT OF COMMON PLEAS

V.S.    :    OF LUZERNE COUNTY - CRIMINAL

DENNIS BASS    :    NO.  131 OF 98

### PETITION FOR APPOINTMENT OF CONFLICT COUNSEL

TO THE HONORABLE, THE JUDGES OF SAID COURT:

The petition of the Office of the Public Defender of Luzerne County respectfully represents as follows:

1.    The Defendant is Dennis Bass, an adult individual, who is presently incarcerated at the Luzerne County Correctional Facility.

2.    On December 21, 1997, the Defendant was charged by Patrolman Brian Horst of the Wilkes Barre City Police Department with Burglary, Resisting Arrest, Theft and Criminal Mischief. Said charges were filed to 131/98.

3.    On December 1, 1998, the Defendant pled guilty before the Honorable Judge Toole.  Sentencing was scheduled for January 8, 1999.  PSI was scheduled for January 6, 1999.

Exhibit C: pgs 1 of 4

4.    January 8, 1999, the Defendant was sentenced on the above charges.  On 131/98, Burglary, the Defendant was sentenced from a 24 month minimum to a 48 month maximum at S.C.I. On Resisting Arrest, the Defendant was sentenced from a 6 month minimum to a 12 month maximum concurrent with Burglary.  Theft requires no sentence.  Defendant was remanded for classification, 1-15-99.  Bail pending appeal was denied by the court.  Defendant to have mental health evaluation-treatment if necessary. Defendant to pay all court costs and restitution of $165.00 within 12 months of release.  Defendant to have no contact with victim or establishment.  Criminal Mischief merges for sentencing purposes.  Defendant advised of all rights.  Defendant remanded.

5.    We are requesting that the Honorable Court appoint conflict counsel for the following reasons:

a)    Judge Toole sentenced the Defendant to a guideline sentence.  He will be doing 2 years at S.C.I.

b)    Since his sentencing, Defendant wrote counsel several times stating he did not wish to appeal.  The appeal period is over and now after serving some jail time, Defendant is claiming counsel is ineffective.

Exhibit-C ; pgs 2 of 4

**WHEREFORE,** the Public Defender's Office respectfully requests Your Honorable Court to appoint conflict counsel to represent the Defendant, Dennis Bass.

Respectfully submitted,

*Charles G. Ross Jr. (dms)*

CHARLES G. ROSS JR., ESQUIRE
Assistant Public Defender
Counsel for Defendant

CGR/dms

Exhibit-C, pgs 3 of 4

*Defendant*

*B-38*

COMMONWEALTH OF PENNSYLVANIA    :    IN THE COURT OF COMMON PLEAS

V.S.    :    OF LUZERNE COUNTY - CRIMINAL

DENNIS BASS    :    NO. 131 OF 1998

*DW6560*

### ORDER

AND NOW, this _5th_ day of _March_ , 1999,

at _9:__ A M., upon consideration of the foregoing Petition

for Appointment of Conflict Counsel, it is hereby **ORDERED AND**

**DECREED** that ~~_____~~ , Esq., is

appointed to represent the Defendant in the above-captioned

matter.

BY THE COURT:

_____ J.

cc: date filed 3-5-99
    Judge Mundy
    DA
    file
    Conflict atty. Falvino
    Defendant
    Court Adm.

COMMONWEALTH OF PENNSYLVANIA   : IN THE COURT OF COMMON PLEAS
                :  OF LUZERNE COUNTY
                :
     vs.          :  CRIMINAL DIVISION
                :
                :
DENNIS BASS,         :  NO.:  131 OF 1998
      Defendant.    :

## MOTION FOR ORDER TO TRANSCRIBE RECORD

The defendant, **DENNIS BASS**, in the above captioned matter having filed a Pro-se

Motion for Post Conviction Collateral Relief on April 6, 1999, requests reproduction of the

following portions of the trial record in the above-captioned case by and through his court

appointed conflict counsel:

1.  Trial: including openings, testimony (including sidebar conferences), evidentiary
   hearings during trial, closings, court's charge (including jury questions and
   responses thereto), and jury poll (December 1, 1998);

2.  Sentencing: including court colloquy (January 8, 1999).

## ORDER

**AND NOW**, this 20 day of April _____, 1999, the court stenographer of

Luzerne County is directed to transcribe those portions of the trial record as marked above and to

file the same with the Clerk of Courts with costs to be paid by the County of Luzerne .

It is further **ORDERED** that copies of this **ORDER** shall be served upon the trial court,

the District Attorney of Luzerne County and the court stenographer.

**BY THE COURT:**

      S/CONahan
     _____
                  J.


( Exhibit D )

SUPREME COURT OF PENNSYLVANIA



ADMINISTRATIVE OFFICE OF PENNSYLVANIA COURTS
1515 MARKET STREET, SUITE 1414
PHILADELPHIA, PENNSYLVANIA 19102
(215) 560-6300

July 26, 2000

Irene Bizzoso, Esquire
Deputy Prothonotary - Middle District
Supreme Court of Pennsylvania
434 Main Capitol
Harrisburg, PA  17108

RE:    Dennis Bass vs. Court of Common Pleas of Luzerne County
       No. 0116 M.D. Miscellaneous Docket 2000

Dear Ms. Bizzoso:

This is to advise you that we will not be filing a formal response in the above-captioned matter. Luzerne County no longer employs the court stenographer that took the testimony, however, the county is in the process of having him transcribe the notes as quickly as possible, in compliance with the court order.

Enclosed is my entry of appearance and proof of service. Thank you for your attention to this matter.

Sincerely,

David M. Donaldson
Chief of Litigation

Enclosures
cc:    Hon. Michael T. Conahan
       Mr. Dennis Bass

( Attached )

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

DENNIS BASS,                          :        No. 0116 M.D. Misc. Dkt. 2000
      Petitioner                :

vs                                    :

                                      :

COURT OF COMMON PLEAS OF              :
LUZERNE COUNTY,                       :
      Respondent                :


## ENTRY OF APPEARANCE


TO THE PROTHONOTARY:

    Kindly enter my appearance on behalf of the Court of Common Pleas of Luzerne

County.


DAVID M. DONALDSON, ESQUIRE
Attorney I.D. No. 17276
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
(215) 560-6300


(Attached)



## Supreme Court of Pennsylvania
### Middle District

Irene M. Bizzoso
Deputy Prothonotary

Shirley Bailey
Chief Clerk

P.O. Box 624
Harrisburg, PA 17108
717-787-6181
www.aopc.org

September 21, 2000

Dennis Bass
DW-6560, SCI-ROCKVIEW
Box A,
Bellefonte, PA 16823-0820

RE:   DENNIS BASS v. CCP OF LUZERNE COUNTY
No. 116 MM 2000

Dear Bass:

    Enclosed please find a certified copy of an order dated September 21, 2000 entered in the above-captioned matter.

Very truly yours,

Office of the Prothonotary

EEZ

cc:   David M. Donaldson, Esq.

(Attached)

## IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

DENNIS BASS,                          :     No. 116 M.D. Misc. Dkt. 2000

        Petitioner                   :

        v.                           :

COURT OF COMMON PLEAS OF            :
LUZERNE COUNTY,

        Respondent                   :

### ORDER

**PER CURIAM:**

    **AND NOW**, this 21st day of September, 2000, the request for leave to file original

process is granted and the Petition for Writ of Mandamus and/or Extraordinary Relief is

denied.

TRUE & CORRECT COPY

ATTEST:

SEP 2 1 2000

SHIRLEY BAILEY
CHIEF CLERK

(Attached)