IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS BASS, : CIVIL ACTION NO. 1:CV-01-0082
:
    Petitioner : 
: (Judge Rambo)
    v. :
: (Magistrate Judge Blewitt)
COURT OF COMMON PLEAS OF :
LUZERNE COUNTY and the :
ATTORNEY GENERAL OF THE :
STATE OF PENNSYLVANIA, :
:
    Respondents :

FILED
SCRANTON
FEB - 7 2001
PER _____
DEPUTY CLERK

### REPORT AND RECOMMENDATION

On January 23, 2001, the Petitioner, then an inmate at the State Correctional Institution at Rockview, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a December 1, 1998, conviction in the Luzerne County Court of Common Pleas. (Doc. 1). We give the petition preliminary consideration and conclude that procedural defects warrant dismissal of the petition without directing a response thereto. *See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts*. Specifically, we find that the Petitioner has failed to exhaust his available state court remedies.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L.No. 104-132, 110 Stat. 1214 (April 24, 1996), which modified the procedures for habeas corpus proceedings in federal court. Section 104(1) of the Act mandates that applications by persons in state custody "shall not be granted unless it appears that . . . the applicant has

exhausted the remedies available in the Court of the State" or there is no available state remedy or that process would be ineffective.¹ A habeas corpus petitioner bears the burden of demonstrating that he or she has satisfied the exhaustion requirement. *Gonce v. Redman*, 780 F.2d 333, 335-36 (3d Cir. 1985). The exhaustion requirement "rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts." *Hankins v. Fulcomer*, 941 F.2d 246, 249 (3d Cir. 1991); *see also Gibson*, 805 F.2d at 138.

Exhaustion is not complete unless the trial court, the "intermediate court," and the highest state court, here the Supreme Court of Pennsylvania, have been presented with the substance of petitioner's federal claim. *Evans v. Court of Common Pleas, Del. County, Pa.*, 959 F.2d 1227, 1230 (3d Cir. 1992). *See Duncan v. Henry*, 115 S.Ct. 887, 888 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In the instant matter, Petitioner currently has pending a Post Conviction Relief Act Petition in the Court of Common Pleas of Luzerne County. Specifically, on April 6, 1999, Petitioner filed with the Luzerne County Court of Common Pleas a Petition for Post Conviction Relief. (Doc. 1, p. 3). On Motion of Petitioner, the Court of Common Pleas of Luzerne County ordered the transcription of certain portions of Petitioner's trial record on April 20, 1999. (Doc. 1, Exhibit "D"). Petitioner then apparently filed a Petition for Writ of Mandamus and/or Extraordinary Relief in the Supreme Court of Pennsylvania, which was denied by Order of September 21, 2000. (Doc. 1, Exhibit "D", page four of Attachment). It appears, therefore, that Petitioner's *pro se* petition for post

---

¹We note that a federal court may deny an application on the merits notwithstanding an applicant's failure to exhaust state remedies. *Id*.

2

conviction relief remains pending in the Luzerne County Court of Common Pleas. Thus, Petitioner has failed to demonstrate that he has exhausted available state court remedies.

Exhaustion of state remedies is not required if: 1) the state corrective process is "so deficient" that any effort to obtain relief via state proceedings would be futile, *Gibson v. Scheidemantel*, 805 F.2d 135, 138 (3d Cir. 1986); 2) the acts of the state authorities have, in effect, made state remedies unavailable to the petitioner, *Mayberry v. Petsock*, 821 F.2d 179, 184 (3d Cir.), *cert. denied*, 484 U.S. 946 (1987); and 3) there has been such an "inordinate delay" in state procedures that the state process has been rendered ineffective. *Hankins v. Fulcomer*, 941 F.2d 246, 251 (3d Cir. 1991); *Schandelmeier v. Cunningham*, 819 F.2d 52 (3d Cir. 1986), *cert. denied*, 480 U.S. 938 (1987).

The Petitioner has not demonstrated that he has pursued all of his available state court remedies, nor has he set forth a compelling reason why the exhaustion requirement should be excused. As such, the petition is subject to dismissal.

We therefore respectfully recommend that the Petition for Writ of Habeas Corpus be dismissed for failure to exhaust available state court remedies.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: February 7, 2001

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS BASS, : CIVIL NO. **1:CV-01-0082**
:
    Petitioner, :
: (Judge Rambo)
v. :
: (Magistrate Judge Blewitt)
:
COURT OF COMMON PLEAS OF :
OF LUZERNE COUNTY, et al., :
: FEB - 7 2001
    Respondents :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated February 7, 2001.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: February 7, 2001

2