JUDGE'S COPY

Copy 10

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Dennis Bass,
   Petitioner

v.

Court Of Common Pleas of
Luzerne County and the
Attorney General of the
State of Pennsylvania

FILED
HARRISBURG
MAR 12 2001
MARY E. D'ANDREA, CLERK
Per_____
   DEPUTY CLERK

Civil Action No;
   1:CV-01-0082

( Judge Rambo )

(Magistrate Judge Blewitt)

## Objection to the Report and Recommendation

I, Dennis Bass the Petitioner (Pro-se) in the above said Civil Action, respectfully file my Objections against the Report and Recommendation of United States Magistrate Judge - Thomas M. Blewitt, dated;

February 7, 2001 recommending; the Petition for Writ of Habeas Corpus should be dismissed for Petitioners failure to exhaust "Available" state court remedies.

<u>Petitioner raises Objection Against Recommendation</u>

1) <u>Recommendation</u>; <u>Antiterrorism and Effective Death Penalty Act - Section</u> 104(1) - "unless it appears that... the Applicant has exhausted the remedies Available in the Court of the State".
<u>Objection</u>;
Petitioner believes the present undecided status, of Petitioners Post Conviction Relief Act (PCRA) in the lower court of Luzerne County has prevented Petitioner Access to the Courts and further Judicial Review.

Petitioner applied for a Writ of Mandamus and/or Extraordinary Relief in Pennsylvania Supreme Court to compel the lower court to a PCRA decision and/or to release certified transcripts of Petitioners December 1, 1998 criminal jury trial for burgulary to the Petitioner.

Petitioner has taken the only known state remedy, in pursuit of judicial review. Attempting to compel the lower court to surrender a final decision on the PCRA.

When the Pa. Supreme Court denied Petitioners Writ of Mandamus and/or Extraordinary Relief, the Supreme Court allowed the Petitioners PCRA to continue unanswered and undecided. A Writ of Mandamus is believed the only state remedy available for an unanswered and undecided PCRA, being held-up in the lower court.

2) <u>Recommendation</u>; " A Habeas Corpus Petitioner bears the burden of demonstrating that he has satisfied the exhaustion

(4)

requirement", <u>Gonce V. Redman</u> 780 F.2d 333, 335-36 (3d Cir 1985)

<u>Objection</u>;
Petitioner believes when he followed the state laws subscribed for authoritively compelling the lower court, Petitioner has taken the only legal approach to this matter, by requesting authoritive assistance of the Supreme Court to obtain a PCRA decision with a Writ of Mandamus. When the Writ of Mandamus was denied to the Petitioner, so was the Petitioner denied judicial remedy.

3) <u>Recommendation</u>; "provide(s) state courts with an initial opportunity to consider and correct alleged violations of prisoners rights without disruption from the Federal Courts", <u>Hankins V. Fulcomer</u> 941 F.2d 246, 249 (3d Cir. 1991)

<u>Objection</u>;
Petitioner believes he has expressly clairified the alleged violations on two (2) separate accounts; <u>First</u>, within the original

(5)

PCRA, And; Second, within the Writ of Mandamus And/or Extraordinary Relief. The lower courts indecision is based upon their inability to secure certified transcripts, And the Supreme Court has taken no-action to correct alleged violations of PCRA rules by denying Petitioners Writ of Mandamus.

4) <u>Recommendation</u>; "Exhaustion is not complete unless the trial court, the "intermediate" court (Superior) and the highest state court (Supreme) have been presented with the substance of petitioners federal claim", <u>Evans V. Court of Common Pleas Del. County Pa.</u> 959 F.2d 1227, 1230 (3d Cir. 1992)

<u>Objection</u>;
Petitioner believes the unanswered And undecided status of Petitioners PCRA, Allows for "<u>NO</u>" Appropriate filings in any State Court. The lower court is Abusing their discretion and procrastinating by using the excuse of; "the lower

(6)

court can not (yet) produce the certified trial transcripts of December 1, 1998."

<u>Further Objections Against Lower Court</u>:

    Petitioner believes he will not have enough time to properly pursue this matter in a Federal Court, after exhausting state remedy, prior to Petitioners maximum experation of sentence on December 12, 2002.
    Petitioner believes the availability of such trial transcripts are of <u>Public Record</u> and are not the property of the courts transcriptionist. The trial court has the sole responsibility and authority to possess and retain such transcripts.
    Petitioner believes he has been "forced" into inaction, due to unproduced transcripts, and documentation, within this matter, over and above what is deemed timely, this time should not be charged against Petitioner, When the lower court is withholding the PCRA



decision and certified transcripts, this wasted time should be charged against the lower court for their inaction to the Petitioners alleged claims of Constitutional Violations. This wasted time should be added to Petitioners - Maximum Experation of Sentence, so not to cause an arbitrary "MOOT" judgement and "Untimely" claim against Petitioner.

    Petitioner believes there is no other avenue of judicial remedy available to him, the only exception is this filed Petition for Writ of Habeas Corpus. Petitioner having been denied a PCRA decision and certified transcripts has no venue in any other state court. Making all of the Petitioners claims undocumented hearsay and without merit in any state court.

(8)

### Exhaustion of State Remedies Are Not Required If;

1) ["the state corrective process is "so deficent" that any effort to obtain relief via state proceedings, would be futile", <u>Gibson V. Scheidemantel</u>, 805 F.2d 135, 138 (3d Cir. 1986)]

<u>Agree</u>;

Petitioner believes, as previously said within objection, the lower courts refusal to surrender PCRA decision and certified transcripts, denies the Petitioner any avenue to obtain relief in any state proceeding. Any motion submitted to a state court that is filed with no proof or evidence, and without documentation and transcripts, is a futile act of the Petitioner in any higher state court.

2) ["the acts of state authorities have, in effect, made state remedies unavailable to petitioner", <u>Mayberry V. Petsock</u>, 821 F.2d 179, 184 (3d Cir.) cert. denied 484 U.S. 946 (1987).]

(9)

<u>Agree</u>;
  Petitioner believes, as previously said within objection, the Supreme Court of Pennsylvania, having denied the Petitioner "closure" of PCRA has based their decision on unproduced trial transcripts and has in effect, made state remedies unavailable to the Petitioner. The denied Writ of Mandamus and/or Extraordinary Relief being the only avenue Petitioner had to pursue PCRA to closure, and to recieve certified trial transcripts, from an unanswered and undecided PCRA motion in the lower court.

3 ["there has been such an "inordinate delay" in state proceedures that the state process has been rendered ineffective", <u>Hankins V. Fulcomer</u> 941 F.2d 246, 251 (3d Cir. 1991), <u>Schandelmeier V. Cunningham</u>, 819 F.2d 52 (3d Cir. 1986) cert denied, 480 U.S. 938 (1987).]

(10)

**Agree;**
    Petitioner believes, as previously said within objection, the process of the lower court to effectively produce certified transcripts within a timely manner, is unfulfilled within Petitioners filed PCRA of April 4, 1998.
    On April 20, 1998 in the lower court - Judge Conahan ordered the production of certified transcripts.
    The State Process for producing certified transcripts has failed and has inhibited the Petitioners ability to pursue state remedy.
    The certified transcripts that have "NOT" been produced to date, describe an "inordinate delay" of state proceedures and that the state process of surrendering a PCRA decision has been rendered ineffective.

    I, Dennis Boss the Petitioner, hereby further objects to the belief

⑪

that Petitioner has deliberately not exhausted state remedy. The Petitioner can not file any legal action, in any court without proper and accurate evidentary documentation and/or without a decided/denied PCRA Motion.

    The purpose of Petitioner filing a Federal-Writ of Habeas Corpus is;

    Petitioner is being denied access to the state courts; The lower courts refusal to surrender PCRA decision

(12)

And/or to "Not" release certified transcripts, places this Petitioner into a position without access to the courts. The lower courts inaction of violating Petitioners rights, is further supported by the states' Supreme Court.

Petitioner respectfully sets forth some compelling reasons why the exhaustion requirement should be exused.

Petitioner respectfully requests

(13)

the Petition of Writ of Habeas Corpus be <u>allowed to proceed</u>, with the knowledge that; Petitioner could not seek proper and accurate judicial remedy, without <u>immediate State Court denial</u>, for lack of exhibits and documented evidence.

Therefore, Petitioner respectfully <u>Objects</u> to the <u>Report and Recommendation</u> of the United States Magistrate Judge — Thomas M. Blewitt of; February 7, 2001.

(14)

Petitioner has made the March 16, 2001 deadline for filing objections and has filed accordingly.

Respectfully Submitted,

(S) _____
Dennis Bass, - Pro se
Petitioner

Service

The Petitioner has placed 3 copies of the Petitioners Objections of the U.S. Magistrate Judge - T.M. Blewitts, February 7, 2001 - Report and Recommendation, placed into the first class mail system of Lee County Justice Ctr. on the 8th day of March, 2001, Addressed to the U.S. District Court in Harrisburg, PA.

I declare under the penalty of purjury that the foregoing is correct and that the signature is genuine.

(S) _____ - Petitioner
Dennis Bass, 73674, 3H4
2115 Dr Martin Luther King Jr Blvd
Fort Myers, FLA 33901