(18)

4/26/01

MA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS BASS,** | : | **CIVIL NO. 1:CV-01-0082** |
| **Petitioner** | : | **(Judge Rambo)** |
| **v.** | : | **(Magistrate Judge Blewitt)** |
| **COURT OF COMMON PLEAS OF LUZERNE COUNTY and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | **FILED** HARRISBURG, PA |
| **Respondents** | : | APR 26 2001 |

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## MEMORANDUM AND ORDER

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 1998 conviction in Luzerne County, Pennsylvania. The magistrate judge to whom this matter was referred recommended that the action be dismissed for failure to exhaust. The undersigned, noting that the transcript of the state proceedings had not been transcribed after a two year period, issued a show cause order why exhaustion should not be excused. In the court's memorandum several cases were cited as to what constitutes delay.

In response to the show cause order, the County Respondent filed the trial transcript and a response. In the response County Respondent cites Cross v. Lackawanna County District Attorney, 204 F.3d 453 (3d Cir. 2000) and Story v. Kindt, 26 F.3d 402 (3d Cir. 1994), for the proposition that the instant petitioner's delay was not as long as the above cases which had delays of seven and nine years, respectively, and which were considered undue delay -- implying that anything less would not excuse exhaustion.

Counsel fails to acknowledge the court's recognition in <u>Story</u> of the 33 month delay in <u>Wojtezak v. Fulcomer</u>, 800 F.2d 353 (3d Cir. 1986); the three year delay in <u>United States ex rel. Senk v. Brierley</u>, 471 F.2d 657, 660 (3d Cir. 1973), and <u>United States ex rel. Geisler v. Walters</u>, 510 F.2d 887, 893 (3d Cir. 1975). <u>See</u> <u>Story v. Kindt</u> at 405.

Nor do <u>Cross</u> and <u>Story</u> imply that had these cases been presented to the Third Circuit in less than seven or nine years, exhaustion might still have been excused.

In any event, now that Petitioner has received[1] a copy of the trial transcript, he should be in a position to have the state court address his concerns. **IT IS THEREFORE ORDERED THAT:**

1) The court adopts in part and rejects in part the report and recommendation of Magistrate Judge Blewitt.

2) The captioned action is dismissed for failure to exhaust state remedies.

3) The captioned habeas petition shall not count as a previous habeas petition such that Petitioner is penalized from filing a second petition.

4) The Clerk of Court shall close the file.

SYLVIA H. RAMBO
United States District Judge

Dated: April *26*, 2001.

---

[1]The court assumes Petitioner has received a copy of what has been filed in the district court. This court is not responsible for supplying Petitioner with a copy.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

April 26, 2001

Re:  1:01-cv-00082    Bass v. Court of Common Plea

True and correct copies of the attached were mailed by the clerk
to the following:

        Dennis Bass
        Community Corrections Center
        DW 6560
        240 Adams Street
        Scranton, PA  18504

        Frank P. Barletta, Esq.
        District Attorney's Office
        Luzerne County Courthouse
        200 North River Street
        Wilkes-Barre, PA  18711

cc:
Judge                       (X ) Rambo          ( ) Pro Se Law Clerk
Magistrate Judge            (X ) Blewitt         ( ) INS
U.S. Marshal                ( )                  ( ) Jury Clerk
Probation                   ( )
U.S. Attorney               ( )
Atty. for Deft.             ( )
Defendant                   ( )
Warden                      ( )
Bureau of Prisons           ( )
Ct Reporter                 ( )
Ctroom Deputy               ( )
Orig-Security               (X )
Federal Public Defender     ( )
Summons Issued              ( )  with N/C attached to complt. and served by:
                                 U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5         ( )
Order to Show Cause         ( )  with Petition attached & mailed certified mail
                                 to:  US Atty Gen    ( )  PA Atty Gen ( )
                                      DA of County   ( )  Respondents ( )
Bankruptcy Court            ( )
Other_____      ( )

                                      MARY E. D'ANDREA, Clerk

4/26/01